# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3441 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Cichon vs. Exelon Generation Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/4/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Ruling held. **ENTER MEMORANDUM OPINION:** We grant the motion (Doc 4-1) to dismiss in part and deny it in part. Count II of the Complaint is dismissed with prejudice. All discovery to be completed by March 4, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 01 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | U.S. DISTRICT COURT 02 OCT 31 PM 3:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. CICHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 02 C 3441 |
| ) | |
| EXELON GENERATION CO., ) | |
| ) | NOV 1 2002 |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Exelon Generation Company's ("Exelon Generation") Rule 12(b)(1) and (6) motion to dismiss. For the reasons set forth below we grant the motion in part and deny it in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the Complaint as true and draw all reasonable inferences in a light most favorable to Plaintiff Michael Cichon. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Exelon Generation is a producer and wholesaler of energy that owns and operates five nuclear power stations in Illinois. Since February of 1998 until the events which gave rise to this action, Mr. Cichon was an Operations

and Unit Supervisor at Exelon Generation's Byron Nuclear Power Station in Byron, Illinois. On at least six occasions, Exelon Generation issued written commendations or cash awards to Mr. Cichon in recognition of his outstanding performance as Operations and Unit Supervisor. Exelon Generation named Mr. Cichon one of Byron Nuclear Power Station's Top Performing employees in 1999.

Prior to January 2000 Exelon Generation paid Mr. Cichon time-and-a-half for all hours worked in excess of forty per week. In January 2000 Exelon Generation determined that Mr. Cichon and nearly all of middle management were exempt from the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"). Accordingly, it changed its overtime-pay policy to the detriment of Mr. Cichon and most of middle management. Mr. Cichon repeatedly advised Exelon Generation that he objected to Exelon Generation's new overtime-pay policy. Moreover, Mr. Cichon organized and initiated a class action naming himself and four coworkers as plaintiffs against their employer's parent corporation, Exelon Corporation. The class action, entitled *Robert N. Myers, et al. v. Exelon Corporation*, No. 01 C 7399, was filed in this district on September 25, 2001. The action was filed under the FLSA and the IMWL on behalf of all categories of employees at all of Exelon Generation's five nuclear power stations.

On October 23, 2001, Exelon Generation gave Mr. Cichon sixty days to find another position in Exelon Generation's employ before being terminated and suggested that he apply for positions outside of the Byron Nuclear Power Station. On December 24, 2001, Mr. Cichon accepted a lower paying position at Commonwealth Edison Company ("ComEd"), another subsidiary of Exelon Corporation. It is Mr. Cichon's position that he was discharged in violation of the FLSA and Illinois common law. On May 14, 2002, he filed the present action naming only himself as plaintiff. The present action is based on facts occurring after the initiation of the class action. Mr. Cichon now complains of being fired in retaliation for his vocal and legal opposition to Exelon Generation's new overtime-pay policy. Count I of the complaint (the "Complaint") is for retaliation in violation of the FLSA. Count II is for retaliatory discharge in violation of Illinois common law.

The class action has since been dismissed with prejudice.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286

F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

I. Fair Labor Standards Act

Exelon Generation moves to dismiss the FLSA retaliation claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Exelon Generation fails to state why this court lacks subject matter jurisdiction. Rather Exelon Generation implies that we lack subject matter jurisdiction because another action (the class action) is already pending that involves the same underlying factual circumstances. That case has since been dismissed. The Rule 12(b)(1) motion is, accordingly, denied.

II. Illinois Common Law Retaliatory Discharge

Exelon Generation moves to dismiss the retaliatory discharge claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Exelon Generation states that a cause of action for retaliatory discharge is unavailable to a plaintiff who has a remedy under the FLSA. We agree.

Retaliatory discharge was first recognized as a cause of action in Illinois in *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978). *Jarmoc v. Consolidated Elec. Distribs.*, 1992 WL 211511, *1 (N.D. Ill. 1992). In recognizing it, "the Illinois Supreme Court sought to promote the goal of providing an otherwise remediless employee with an effective remedy against an employer who had discharged him or her in contravention of the state's public policy." *Id* (citing *Driveaway and Truckaway Serv. v. Aaron Driveaway & Truckaway Co.*, 781 F. Supp. 548, 552 (N.D. Ill. 1991)).

In *Jarmoc*, a former employee brought a three-count complaint against her former employer for retaliatory discharge, violating the FLSA, and violating the IMWL. *Jarmoc*, 1992 WL 211511 at *1. The employer moved to dismiss the retaliatory discharge claim on the grounds that the FLSA already provided plaintiff with a remedy sufficient to vindicate Illinois' public policy. *Id*. This court granted the motion stating:

> It is apparent from the cases that [Illinois] courts have recognized a claim for retaliatory discharge where the otherwise available remedies would not serve as an effective deterrent to future employer misconduct. Therefore, defendant's motion to dismiss the common law retaliatory discharge claim should be decided on whether the alternate remedy, the FLSA, effectively deters retaliatory discharge. *It is this court's opinion that it does.*

Id at *2 (emphasis added).

Despite that it is directly on point, Mr. Cichon urges us to disavow the holding in *Jarmoc*. All Mr. Cichon offers in support of its attempt to escape the holding in *Jarmoc* is case law that pre-dates *Jarmoc* and additional case law that is inapplicable.

-5-

With respect to the pre-*Jarmoc* cases, we first note the obvious: these cases were available to this court at the time it issued *Jarmoc*. Additionally, none of the pre-*Jarmoc* cases on which Mr. Cichon relies dealt with the issue at hand: whether or not Illinois common law provides a retaliatory discharge claim to a plaintiff that has a remedy under the FLSA. *See* Plaintiff's Opposition at 11 (citing *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720 (Ill. 1992); *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909 (Ill. 1988); *Boyles v. Greater Peoria Mass Transit Dist.*, 499 N.E.2d 435 (Ill. 1986); *Midgett v. Sackett-Chicago, Inc.*, 473 N.E.2d 1280 (Ill. 1984) (all involving retaliatory discharge claims but not the Fair Labor Standards Act)). One of these cases, namely *Midgett*, was even explicitly examined in *Jarmoc*. *See Jarmoc*, 1992 WL 211511 at *2 (citing *Midgett*, 473 N.E.2d 1280).

With respect to the additional cases that Mr. Cichon cites, they address the wrong legal issue. Mr. Cichon cites these cases to support his irrelevant argument that the FLSA does not preempt a state cause of action for retaliatory discharge. *See* Plaintiff's Opposition at 11-12 ("The Illinois Supreme Court has definitively held 'that claims for retaliatory discharge are *not* generally preempted by Federal law . . .'") (citations omitted). Preemption is not the issue. *Jarmoc* makes no mention of preemption. *Jarmoc*, 1992 WL 211511. Rather, *Jarmoc* holds that Illinois common law does not provide for a retaliatory discharge cause of action where an alternative remedy

(specifically that under the FLSA) provides effective deterrence to the complained-of conduct. *Id* at *2.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss in part and deny it in part. Count II of the Complaint is dismissed with prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 31, 2002