# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3441 | **DATE** | 12/19/2002 |
| **CASE TITLE** | Cichon vs. Exelon Generation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 4/30/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Docs 14-1 & 14-2) to dismiss or, in the alternative, to reconsider is denied. Discovery cut-off dated is extended to April 30, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 DEC 19 PM 4: 02

DEC 20 2002

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL C. CICHON,                          )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )        02 C 3441
                                            )
EXELON GENERATION CO.,                      )
                                            )
                    Defendant.              )

**DOCKETED**
DEC 2 0 2002

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Exelon Generation Company's

("Exelon Generation") Rule 12(b)(1) and (6) motion to dismiss, or, in the alternative,

Rule 59(e) motion for reconsideration of this court's October 31, 2002, ruling. For the

reasons set forth below we deny the motion.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and

allegations in the Complaint as true and draw all reasonable inferences in a light most

favorable to Plaintiff Michael Cichon. *See Bontkowski v. First Nat'l Bank of Cicero*,

998 F.2d 459, 461 (7th Cir. 1993). Exelon Generation is a producer and wholesaler of

energy that owns and operates five nuclear power stations in Illinois. Since February

of 1998 until the events which gave rise to this action, Cichon was an Operations and Unit Supervisor at Exelon Generation's Byron Nuclear Power Station in Byron, Illinois. On at least six occasions, Exelon Generation issued written commendations or cash awards to Cichon in recognition of his outstanding performance as Operations and Unit Supervisor. Exelon Generation named Cichon one of Byron Nuclear Power Station's Top Performing employees in 1999.

Prior to January 2000 Exelon Generation paid Cichon time-and-a-half for all hours worked in excess of forty per week. In January 2000 Exelon Generation determined that Cichon and nearly all of middle management were exempt from the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"). Accordingly, it changed its overtime-pay policy to the detriment of Cichon and most of middle management. Cichon repeatedly advised Exelon Generation that he objected to Exelon Generation's new overtime-pay policy. Moreover, Cichon organized and initiated a class action naming himself and four coworkers as plaintiffs against their employer's parent corporation, Exelon Corporation. The class action, entitled *Robert N. Myers, et al. v. Exelon Corporation*, No. 01 C 7399, was filed in this district on September 25, 2001. The action was filed under the FLSA and the IMWL on behalf of all categories of

employees at all of Exelon Generation's five nuclear power stations. The action was dismissed with prejudice on October 3, 2002.

On October 23, 2001, Exelon Generation gave Cichon sixty days to find another position in Exelon Generation's employ before being terminated and suggested that he apply for positions outside of the Byron Nuclear Power Station. On December 24, 2001, Cichon accepted a lower paying position at Commonwealth Edison Company ("ComEd"), another subsidiary of Exelon Corporation. Cichon alleges that he was discharged in violation of the FLSA and Illinois common law. On May 14, 2002, he filed the present action naming only himself as plaintiff. The present action is based on facts occurring after the initiation of the class action. Cichon now complains of being fired in retaliation for his vocal and legal opposition to Exelon Generation's new overtime-pay policy. Count I of the complaint (the "Complaint") is for retaliation in violation of the FLSA. Count II is for retaliatory discharge in violation of Illinois common law.

Exelon Generation moved to dismiss both counts. On October 31, 2002, we dismissed Count II only. Subsequently, without leave, and for reasons not apparent, Cichon filed an amended complaint substantively identical to his original complaint. The amended complaint contains Count I and the previously dismissed Count II. Exelon Generation now moves to dismiss the amended complaint, or, in the alternative,

for reconsideration of the portion of our October 31, 2002, order denying Exelon Generation's motion to dismiss Count I.

## LEGAL STANDARD

### I. Motion to Dismiss

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### II. Motion to Reconsider

Motions for reconsideration under Rule 59(e) are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that

could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

With these principles in mind, we address the motions before us.

## DISCUSSION

### I.   Motion to Dismiss

#### A.   Fair Labor Standards Act

Exelon Generation moves to dismiss Count I (retaliation in violation of the FLSA) on res judicata grounds based on the dismissal of *Robert N. Myers, et al. v. Exelon Corporation*, No. 01 C 7399. In that case, plaintiffs (including Cichon) sued Exelon Generation for violating the FLSA and IMWL by underpaying employees with respect to their hours worked in excess of forty per week. Exelon Generation then allegedly terminated Cichon in retaliation for his role in planning the first action, thereby prompting Cichon to file this second action. The first action was ultimately

dismissed with prejudice on October 3, 2002. Exelon Generation contends that the first action, having been dismissed with prejudice, bars the current action.

"For res judicata to apply in federal court three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995) (citing *Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987)). Cichon agrees that there is identity of the parties but disputes that there is identity of the causes of action or that there was a final judgment on the merits.

Cichon argues that a dismissal with prejudice does not constitute a final judgment on the merits. Cichon is incorrect. *See Phillips v. Shannon*, 445 F.2d 460 (7th Cir. 1971) (overwhelming weight of authority holds that dismissals with prejudice constitute dispositions on the merits).

Cichon argues that there is no identity of the causes of action between his FLSA and IMWL claim for underpayment in the first action and his FLSA retaliation claim for termination in the present action. Cichon is correct. The Court of Appeals has held that "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assoc.*, 999 F.2d 223, 226 (7th Cir. 1993). The *Herrmann* court, albeit in dicta, then explained what

they meant by "the same, factual allegations" using an example identical to the facts

before us today:

> It is like the typical retaliation case, in which an employee files a claim
> based on some set of facts and then the employer fires him for filing the
> claim, precipitating a second claim. *They are two claims, not one, for
> purposes of res judicata.* While it is true in such a case that, but for the
> filing of the first claim, there would not have been a second claim, the
> two claims are based on (largely) different facts: the first claim on
> whatever facts gave rise to that claim, the second claim on the filing of
> the first claim and the employer's response to that filing.

*Id* at 227 (citation omitted) (emphasis added). Res judicata does not bar Count I of

Cichon's amended complaint.

**B.**   Illinois Common Law Retaliatory Discharge

On October 31, 2002, we dismissed Count II (retaliatory discharge under Illinois

common law) of the complaint. In his amended complaint, Cichon reasserts that claim.

The claim, however, remains dismissed.

**II.    Motion to Reconsider**

Since we do not now grant Exelon Generation's motion to dismiss Count I,

Exelon Generation alternatively moves to reconsider our October 31, 2002, ruling. The

motion to reconsider, however, is not appropriate since it does not "clearly establish

either a manifest error of law or fact" or "present newly discovered evidence." *See LB

Credit Corp.,* 49 F.3d at 1267 (quoting *Meyer,* 781 F.2d at 1268). Exelon Generation's

motion does not raise any manifest error of law or fact. Additionally, the only "newly discovered evidence" is that the first action has now been dismissed with prejudice. The effect of that dismissal, however, has already been considered with respect to the second motion to dismiss. *See supra.*

## CONCLUSION

Based on the foregoing analysis, we deny Exelon Generation's motion.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: _____ DEC 1 9 2002 _____