# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3441 | **DATE** | 11/18/2003 |
| **CASE TITLE** | Cichon vs. Exelon Generation Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Exelon's motion (Doc 47-1) for a bill of costs is granted. At this time, Plaintiff Michael Cichon is ordered to pay costs in the amount of $6,367.80.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 50 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL C. CICHON, )
)
Plaintiff, )
)
vs. ) 02 C 3441
)
EXELON GENERATION CO., )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Exelon Generation Co.'s ("Exelon") request for a bill of costs for fees associated with depositions, transcripts, and copies of documents associated with their case. For the reasons set forth below, we grant Exelon's request.

The facts of this case and the basis for our grant of summary judgment to Exelon are set forth in our earlier opinion. Cichon v. Exelon Generation Co., 2003 WL 22169761 (N.D. Ill. 2003).

Federal Rule of Civil Procedure 54(d)(1) allows a court to tax costs other than attorneys' fees in favor of a prevailing party. Pursuant to 28 U.S.C. § 1920, recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for

printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. A prevailing party enjoys the presumption that costs will be awarded. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409-10 (7th Cir. 1991). This presumption is difficult for the losing party to overcome, and a court must award costs unless it can state good reasons for not doing so. Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997). However, we must also determine whether the costs are allowable and reasonable both in their amount and their necessity to the litigation. Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 454 (7th Cir. 1998).

In this case, Exelon seeks recovery of $6,367.80 for two categories of costs: copying costs and transcript costs relating to depositions. Both are specifically allowed by the statute. See 28 U.S.C. § 1920 (2)-(4); Cengr, 135 F.3d at 454. The depositions taken were that of the plaintiff and key witnesses. They seem necessary to the development of Exelon's case and reasonable in cost. Moreover, Exelon's itemization of copy costs demonstrates that the copied documents (motions, statements of undisputed facts, notices, and the like) were directly related to the litigation. We conclude that Exelon's request for costs is authorized by 28 U.S.C. § 1920.

In addition, it appears that the parties have tentatively agreed to Exelon's request for $6,367.80, further demonstrating that the figure is reasonable. A letter from

Plaintiff's counsel to counsel for Exelon, filed with this court and dated October 28, 2003, asserts that the parties agree that Exelon will be paid the full $6,367.80 in two equal installments, the first of which is due thirty days from the entry of this order and the second installment being due thirty days thereafter. While this court has not received any further confirmation of this agreement, we have seen no indication that Exelon takes issue with the terms of Plaintiff's proposal.

For the foregoing reasons, Exelon's motion for a bill of costs is granted. At this time, Plaintiff Michael Cichon is ordered to pay costs in the amount of $6,367.80.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 1 8 2003